J-S17019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES FLETCHER | |
| Appellant | No. 3065 EDA 2015 |

Appeal from the Judgment of Sentence entered September 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0002618-2011

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 08, 2017**

Appellant, James Fletcher, appeals from the September 9, 2015 judgment of sentence imposed after the revocation of Appellant's parole. We vacate and remand.

The record reveals that, on December 17, 2010, Appellant was arrested and charged with possession with intent to deliver ("PWID") a controlled substance (35 P.S. § 780-113(a)(30)).  On February 29, 2012, the trial court sentenced Appellant to one to two years of incarceration followed by five years of probation in accord with the parties' negotiated plea agreement.  On June 27, 2015, while Appellant was serving his term of probation, he was arrested for theft and related offenses.  Those charges were eventually dismissed, but the trial court conducted a hearing on September 19, 2015, to address two technical violations—a positive drug

test and failure to perform community service. At the conclusion of that hearing, the trial court revoked Appellant's probation and imposed a sentence of six to twenty-three months of incarceration followed by four years of probation. Appellant raises three issues on appeal, which we have reordered for purposes of analysis:

1        Did not the lower court err by revoking Appellant's probation where the evidence was legally insufficient to find him in technical violation by a preponderance of the evidence, where it relied on inadmissible hearsay, and where it denied Appellant the opportunity to present a defense?

2        Did not the lower court violate Appellant's right to allocution, requiring a new sentencing hearing?

3        Did not the sentencing court violate the requirements of [42 Pa.C.S.A. § 9771(c)] when, after revoking his probation, it sentenced Appellant to a period of total confinement where: i) he had not been convicted of a new crime, ii)the record did not demonstrate any likelihood that he would commit a new crime if not incarcerated, and iii) incarceration was not essential to vindicate the authority of the court?

Appellant's Brief at 3.

Appellant first argues the evidence was insufficient to find him in violation of his probation. At a probation revocation hearing, the Commonwealth must demonstrate a violation based on evidence containing "probative value." *Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa. Super. 2001). Unlike a criminal trial, the Commonwealth need not prove its

case beyond a reasonable doubt. *Id.* at 350. The Commonwealth need only prove by a preponderance of the evidence that a violation occurred. *Id.*

The instant record reveals that Appellant failed a drug test. N.T. Hearing, 9/9/15, at 6. In addition, Appellant was unable to provide his probation officer with proof that he performed any community service. *Id.* at 5. Appellant was required to perform 100 hours per year of community services as a condition of his probation. *Id.* These facts are more than sufficient to establish, by a preponderance of the evidence, that Appellant violated technical conditions of his probation.

Next, Appellant argues that he is entitled to a new sentencing hearing because the trial court did not afford him his right of allocution at the sentencing hearing. The Rules of Criminal Procedure guarantee a defendant the right to make a statement at his revocation hearing: "At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing." Pa.R.Crim.P. 708(D)(1). Our Supreme Court has ruled that a trial court must inform a defendant of his right to speak prior to sentencing. ***Commonwealth v. Thomas***, 553 A.2d 913, 919 (Pa. 1989). Failure to do so requires a new sentencing hearing. *Id.*

The trial court concedes that it failed to inform Appellant of his right to speak on his own behalf. Trial Court Opinion, 7/7/16, at 5-6. The court also

concedes that Appellant preserved the issue in a timely post-sentence motion. *Id.* at 6.[1] We will therefore vacate the judgment of sentence and remand for a new hearing. Given our decision, we will not address Appellant's challenge to the discretionary aspects of the trial court's sentence.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017

---

[1] The Commonwealth argues that Appellant waived this issue for failing to raise it in a post-sentence motion. It appears that the local prothonotary initially misfiled Appellant's timely post-sentence motion. The trial court eventually received Appellant's motion, and the court concedes the validity of Appellant's argument. We therefore decline to find the issue waived.